**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 96-4482

CHARLES ADRIAN JACKSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-95-298)

Submitted: November 21, 1996

Decided: December 9, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Timika Shafeek, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Adrian Jackson appeals his convictions for bank robbery, 18 U.S.C. § 2113(a) (1994), armed bank robbery, 18 U.S.C. § 2113(d) (1994), and carrying and using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1) (1994). He was sentenced to serve a total of 101 months imprisonment. He asserts on appeal that the district court's supplemental jury instructions, given after the jury said it was deadlocked, was unconstitutionally coercive. Finding no abuse of the district court's discretion, we affirm Jackson's convictions and sentence.

Approximately five hours after the jurors retired for their deliberations, they alerted the district court that they were deadlocked. Within fifteen minutes of receiving their supplemental instructions, the jurors returned a guilty verdict on all counts. Jackson contends that the jury's quick verdict is indicative of the coercive nature of the supplemental instructions. He argues that this court should apply a four-part test in determining the propriety of the charge as other circuits have done. We find this argument unpersuasive.

The necessity, extent, and character of any supplemental instructions are matters within the district court's discretion. United States v. Horton, 921 F.2d 540, 546 (4th Cir. 1990), cert. denied, 501 U.S. 1234 (1991). We have approved the practice of providing a deadlocked jury with a modified Allen charge as long as the charge was fair, neutral, and balanced.* See United States v. Sawyers, 423 F.2d 1335, 1342, n.7 (4th Cir. 1970) (setting forth an acceptable modified Allen charge). Although Jackson objected to the court giving an Allen charge, he did not object to the content of the proposed supplemental instruction.

_____

*Allen v. United States, 164 U.S. 492 (1896).

2

Jackson concedes on appeal that the contents of the modified <u>Allen</u> instructions given by the district court complied with the requirements outlined in <u>Sawyers</u>. Upon review of the record, we find that the district court did not abuse its discretion by providing supplemental instructions to a deadlocked jury with the goal of inducing further deliberations and the jury reaching a unanimous verdict. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3